UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT AND LIST RABINOWITZ,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 12-cv-1869 |
| | § | |
| **FEDERAL HOME LOAN MORTGAGE** | § | |
| **CORPORATION AND** | § | |
| **CITIMORTGAGE, INC.,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion to Dismiss (Doc. No. 3) filed by Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and CitiMortgage, Inc. ("CMI") (collectively "Defendants").

After considering the motion, all responses thereto, and the applicable law, the Court finds that Defendants' Motion to Dismiss must be **GRANTED.**

### I.   BACKGROUND

This case is brought by Plaintiffs Robert and Lisa Rabinowitz ("Plaintiffs") against Defendants. Plaintiffs have alleged wrongful foreclosure and negligence claims.

In 2003, Plaintiffs executed a deed of trust ("Deed of Trust") securing a note for $272,650 ("Note"). The Note and the Deed of Trust (collectively the "Mortgage") encumber real property located at 7703 Chestnut Glen Court, Sugar Land, Texas 77479 (the "Property").

1

Plaintiffs made payments on the Mortgage through June 2010. (Doc. No. 16 ¶ IV.) Plaintiffs allege that CMI pre-qualified a loan modification for Plaintiffs in November 2010 and that documents for the loan modification were supposed to follow within three to six weeks. *Id.* Plaintiffs claim that the documents did not arrive until March 2011. *Id.* On June 6, 2011, Plaintiffs received a letter from CMI, informing them that their loan modification had been denied due to insufficient income. *Id.* Plaintiffs allege that CMI's pertinent calculation used an income figure $1,344 lower than Plaintiffs' actual monthly income at the time. *Id.* Plaintiffs then appealed the modification denial through the Making Home Affordable program to stop the foreclosure process. *Id.* In response to this appeal, Plaintiffs allege that CMI stated that Plaintiffs would be able to restart the loan modification process from the beginning. *Id.*

Plaintiffs allege that CMI then erroneously placed a bankruptcy hold on Plaintiffs' loan modification although Plaintiffs had not sought bankruptcy protection. *Id.* Plaintiffs contend that this hold delayed CMI's consideration of Plaintiffs' modification application for approximately seven weeks, until Plaintiffs again appealed to Making Home Affordable. Plaintiffs were alerted by a letter dated August 3, 2011 that their loan modification application had been denied a second time. Plaintiffs contend that the second denial resulted from CMI again using an incorrect income figure. *Id.* The Property was sold in a foreclosure sale on August 2, 2011. *Id.*

After the foreclosure, Plaintiffs' appeal went to the U.S. Department of the Treasury. Plaintiffs allege that CMI told them that it was reconsidering its loan modification application and it would rescind the sale if they were approved. *Id.* On March 6, 2012, CMI approved Plaintiff to enter into a trial period plan under the Home

Affordable Modification program ("HAMP"), which was to begin on April 1, 2012. *Id.* Plaintiffs claim they were contacted by a CMI representative that same day, informing them that the approval was made in error since CMI required Freddie Mac's approval and had not yet received it. *Id.* In a letter dated April 3, 2012, CMI informed Plaintiffs that Freddie Mac had denied the loan modification application. Plaintiffs contend that Freddie Mac denied the modification because the Property had already been sold at the foreclosure sale. *Id.*

Plaintiffs filed suit in state court and Defendants removed to federal court. (Doc. No. 1.) Defendants then filed this Motion to Dismiss. (Doc No. 3.)

## II. LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading also need not contain detailed factual allegations, but it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 556 U.S. at 678, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. ANALYSIS

Plaintiffs brought two claims against Defendants: a wrongful foreclosure claim and a negligence claim. Defendants have moved to dismiss both claims.

#### A. Wrongful foreclosure claim

Defendants argue that Plaintiffs' wrongful foreclosure claim fails as a matter of law for two reasons. First, Plaintiffs have failed to properly plead the elements of wrongful foreclosure; and second, Plaintiffs have not met the requirements to set aside a foreclosure sale. Each is discussed in turn.

##### 1. *Elements of a Wrongful Foreclosure Claim*

A plaintiff asserting wrongful foreclosure must show (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 994 (S.D. Tex. 2011); *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi 2008, no pet.). Moreover there must be evidence of an irregularity that "must have caused or contributed to cause the

4

property to be sold for a grossly inadequate price." *In re Keener,* 268 B.R. 912, 921 (N.D. Tex.2001). "Evidence showing that a better price would have resulted if the sale was conducted in a different manner is required." *In re Greenhaw Energy, Inc.,* 359 B.R. 636, 643 (Bankr. S.D. Tex. 2007). *See also Hunt v. Jefferson Sav. & Loan Ass'n*, 756 S.W.2d 762, 764 (Tex. App.-Dallas 1988); *Bellah v. First Nat'l Bank of Hereford*, 474 S.W.2d 785, 788 (Tex. Civ. App.-Eastland 1971, writ ref'd n.r.e.).

Plaintiffs have not offered any evidence that there was a defect in the foreclosure sale proceedings. Plaintiffs do allege that they received a letter dated August 3, 2011 denying their loan modification when the foreclosure sale happened one day earlier. Section 51.002(a) of the Texas Property Code requires that notice be given at least twenty-one days before the date of the sale. However, Plaintiffs have not alleged that foreclosure should not have happened before a decision on the loan modification, nor have they alleged that there was not proper notice of, or any defect in, the foreclosure proceedings. Therefore element one has not been successfully pled.

Furthermore, Plaintiffs also fail to satisfy elements two and three. Plaintiffs have not pled any facts regarding the selling price, which encompasses both elements. Since Plaintiffs have not set forth the elements of a wrongful foreclosure claim, Defendants' motion to dismiss Plaintiffs' wrongful foreclosure claim must be granted.

### 2. *Setting Aside a Wrongful Foreclosure*

In addition to Plaintiffs' inadequate pleading of requisite elements, Plaintiffs also fail to plead their eligibility for the available remedies.

A plaintiff asserting a wrongful foreclosure claim may seek two alternative remedies. "The [plaintiff] may elect to: (1) set aside the void trustee's deed; or (2) recover

damages in the amount of the value of the property less indebtedness." *Diversified, Inc. v. Gibraltar Sav. Ass'n*, 762 S.W.2d 620, 623 (Tex. App. 1988). Plaintiffs seek to set aside the foreclosure sale and the corresponding substitute trustee's deed. (Doc. No. 16 ¶ VI.) However, in order to be entitled to have a foreclosure sale set aside in Texas, a plaintiff must actually tender—not just offer to tender—the full amount owed on the note. *Hill v. Wells Fargo Bank, N.A.*, CIV.A. V-12-11, 2012 WL 2065377 (S.D. Tex. June 6, 2012). *See also Lambert v. First Nat. Bank of Bowie*, 993 S.W.2d 833, 835–36 (Tex. App.-Ft. Worth 1999, pet. denied) (dismissing plaintiff's claim for rescission where plaintiff "offered to tender 'all amounts due and owing' under the note and deed of trust" because "he never tendered these amounts to the court"); *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("Tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale."). Plaintiffs do not allege that they offered to tender or actually tendered the amount owed on the Mortgage. Therefore Plaintiffs cannot prevail on their claim to set aside the foreclosure sale. In addition to the grounds stated above, Defendant's motion to dismiss the wrongful foreclosure claim should be granted for failure to meet the elements of setting aside a wrongful foreclosure.

### B. Negligence claim

Defendants argue that Plaintiffs' negligence claim fails as a matter of law because it is barred by the economic loss rule, and CMI had no duty to modify Plaintiff's loan.

### 1. *Economic Loss Rule*

Defendants argue that Plaintiffs' negligence claim is barred by the economic loss rule. Under Texas law, the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *Ezennia v. Wells Fargo Bank, N.A.*, CIV.A. H-10-5004, 2012 WL 1556170 (S.D. Tex. Apr. 27, 2012) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). In this case, Defendants argue the contract is the Mortgage. Plaintiffs argue that the economic loss rule is inapplicable because the negligent claim arises out of CMI's administration of HAMP, not the Mortgage.

"Although the Fifth Circuit has yet to rule on the issue, the majority of courts have held that HAMP does not create a private right of action in a borrower." *Hung Quang Tran v. BAC Home Loans Servicing, LP*, 4:10-CV-03514, 2011 WL 5057099 (S.D. Tex. Oct. 24, 2011). *See Mortberg v. Litton Loan Servicing, L.P.*, No. 4:10–CV–667, 2011 WL 4421946 (E.D. Tex. Aug. 30, 2011) (dismissing plaintiff's claims for negligence because no private right of action for borrowers exists under HAMP); *Cade v. BAC HomeLoans Serv., LP*, No. H–10–4224, 2011 WL 2470733, at *2 (S.D. Tex. June 20, 2011) (declining to find a private right of action under HAMP and observing that the majority of courts have "declined to find a private right, and further rejected the theory that borrowers are intended third-party beneficiaries of the HAMP Servicer Participation Agreement"); *Akintunji v. Chase Home Finance L.L.C.*, No. H–11–389, 2011 WL 2470709, at *4 (S.D. Tex. June 20, 2011) ("There is no private cause of action under HAMP."); *Singh v. Wells Fargo Bank*, No. 1:10–CV–1659 AWI SMS, 2011 WL 66167, at *7 (E.D. Cal. Jan.7, 2011) ("[I]t is well established that there is no private cause of

action under HAMP."); *Hart v. Countrywide Home Loans, Inc*., 735 F.Supp.2d 741, 748 (E.D. Mich.2010) (noting that there is no express or implied right to sue fund recipients under HAMP because HAMP does not create a private right of action); *Letter v. Aurora Loan Servs., LLC*, No. 3:10cv00044, 2010 WL 3219134, at *1 (W.D. Va. Aug.10, 2010) (determining that HAMP does not create a private right of action for a borrower to recover for an alleged breach of a loan modification); *Wright v. Bank of Am., N.A*., No. CV10–01723 JF (HRL), 2010 WL 2889117, at *4 (N.D. Cal. July 22, 2010) (stating that it is "obvious that [HAMP] does not secure an enforceable right for [borrowers]"); *Hoffman v. Bank of Am., N.A*., No. C10–2171 SI, 2010 WL 2635773, at *5 (N.D. Cal. June 30, 2010) ("Lenders are not required to make loan modifications for borrowers that qualify under HAMP nor does the servicer's agreement confer an enforceable right on the borrower."); *Simon v. Bank of Am., N.A*., No. 10–cv–00300–GMN–LRL, 2010 WL 2609436, at *10 (D. Nev. June 23, 2010) ("Other courts have consistently held that the [HAMP] does not provide borrowers with a private cause of action against lenders."); *Marks v. Bank of Am., N.A*., No. 03:10–cv–08039–PHX–JAT, 2010 WL 2572988, at *4 (D. Ariz. June 22, 2010) ("Allowing such a large number of potential plaintiffs [by conferring third-party beneficiary status under HAMP] clearly contravenes the purpose of the HAMP as an administrative tool to effectuate the goals of the EESA."). Consistent with this Court's prior holding in *Hung Quang Tran*, HAMP does not provide a private cause of action.

Since Plaintiffs cannot have a private cause of action under HAMP, their negligence claim must be based on the Mortgage. However, "when a plaintiff alleges only an economic loss arising out of a contractual relationship between the parties, the

plaintiff is precluded from proceeding under a negligence cause of action." *Anthony v. Wells Fargo Bank, N.A.*, CIV.A. H-10-5091, 2012 WL 773331 (S.D. Tex. Mar. 8, 2012) (quoting *Sanghera v. Wells Fargo Bank, N.A.*, 2012 WL 555155 at *5 (N.D. Tex.2012) (citing *Jim Walter Homes, Inc.*, 711 S.W.2d at 618 (Tex.1986))). Plaintiffs allege that CMI did not exercise reasonable care when performing calculations for the loan modification. This injury can only be based on the Mortgage, which is the contract between the parties. CMI considered Plaintiffs' loan modification application because of its contractual relationship with Plaintiffs as the servicer of the Mortgage. Additionally, the foreclosure sale is contemplated by the Deed of Trust. Since the economic loss arises out of the Mortgage, Plaintiffs' negligence claim is precluded under the economic loss rule. Defendant's motion to dismiss Plaintiffs' negligence claim must be granted.

### 2. *Elements of Negligence Claim*

Even if Plaintiffs' negligence claim were not barred by the economic loss rule, they have failed to establish the elements of a negligence claim. A negligence claim requires the following elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately caused by the breach. *Denley v. Vericrest Fin., Inc.*, 2012 WL 2368325 (S.D. Tex. June 21, 2012) (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)).

Plaintiffs claim that CMI had a duty to perform services under HAMP. (Doc. No. 7.) As discussed earlier, HAMP does not create a private right of action. Therefore the legal duty would have to arise out of the parties' contractual relationship as mortgagor and mortgagee. In *Motten*, the Court held that a mortgage servicer did not have a recognized duty to plaintiffs for modification services. 831 F. Supp. 2d at 1006 (S.D.

Tex. 2011). Furthermore, "the relationship of a mortgagor and a mortgagee does not give rise to a duty of good faith and fair dealing, no less a fiduciary duty." *Id.* (citing *Fed. Deposit Insurance Corp. v. Coleman*, 795 S.W.2d 706 (Tex. 1990); *White v. Mellon Mortg. Co.*, 995 S.W.2d 795, 800 (Tex. App.-Tyler 1999, no pet.); *In re Thrash*, 433 B.R. 585, 597 (Bankr. N.D. Tex. 2010). Therefore, Plaintiffs have failed properly to allege that a legal duty existed.

## IV.  CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss is **GRANTED.** Plaintiffs are granted leave to file an amended complaint, consistent with this Memorandum and Order, by October 8, 2012.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 25th day of September, 2012.

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE